[Cite as *Talbot v. Conseco Ins. Co.*, 2012-Ohio-117.]

STATE OF OHIO       )                IN THE COURT OF APPEALS
                     )ss:          NINTH JUDICIAL DISTRICT
COUNTY OF WAYNE    )

FLOYD C. TALBOT            |    C.A. No.      10CA0049

     Appellant

     v.                          APPEAL FROM JUDGMENT
                                  ENTERED IN THE
CONSECO INSURANCE COMPANY, et al.    COURT OF COMMON PLEAS
                                  COUNTY OF WAYNE, OHIO
     Appellees                CASE No.     09-CV-0003

DECISION AND JOURNAL ENTRY

Dated: January 17, 2012

BELFANCE, Presiding Judge.

{¶1} Plaintiff-Appellant Floyd C. Talbot appeals from the judgment of the Wayne County Court of Common Pleas granting summary judgment on Mr. Talbot's claims against Defendant-Appellee Conseco Insurance Company ("Conseco") to Conseco and denying Mr. Talbot's motion for summary judgment. For the reasons set forth below, we affirm in part and reverse in part.

I.

{¶2} In 1998, Defendant James Nussbaumer was an independent contractor for the company now known as Conseco. Mr. Nussbaumer solicited Conseco annuity contracts at the home of Mr. Talbot. As a result of the solicitation, Mr. Talbot entered into a Conseco annuity contract dated May 13, 1998 ("Contract 1"), with an initial premium of $40,962. On March 13, 2001, and January 29, 2002, Mr. Talbot entered into additional Conseco annuity contracts via

Mr. Nussbaumer with initial premiums of $11,148 ("Contract 2") and $10,930 ("Contract 3") respectively. All the annuities were to mature in 2019.

{¶3} On September 14, 1999, a withdrawal request was signed seeking a 10% penalty-free withdrawal from Contract 1. Thereafter, Conseco issued a check for $4,096.17 payable to Mr. Talbot and that amount was deducted from Mr. Talbot's annuity. On July 14, 2002, a withdrawal request was signed seeking a $25,000 withdrawal from Contract 1. Conseco issued a check for $25,000 payable to Mr. Talbot and deducted $28,593.80 from Mr. Talbot's annuity due to penalties. On June 1, 2007, two withdrawal requests were filed, one seeking a $6,300 gross withdrawal from Contract 2 and one seeking an $8,200 gross withdrawal from Contract 3. Both withdrawal requests specified that checks should be mailed to Mr. Talbot care of ARPS, Mr. Nussbaumer's company. Subsequently, Conseco issued checks payable to Mr. Talbot care of ARPS for $5,911.11 and $7,600.72. Due to penalties, $6,300 and $8,200 were deducted from Mr. Talbot's respective annuities. The aforementioned withdrawals total $47,189.97. Mr. Talbot never received the monies from these withdrawals. Further, while Mr. Talbot did receive statements from Conseco concerning his annuities and their respective balances and did notice the withdrawals, Mr. Nussbaumer told Mr. Talbot that he was taking the money out and was going to reinvest it somewhere else.

{¶4} On July 27, 2007, Conseco's Special Investigations Unit received a request from the police to investigate whether Mr. Nussbaumer forged signatures on documents related to Mr. Talbot's annuity contracts. The police also contacted Mr. Talbot via his power of attorney concerning his annuities. Mr. Talbot complied with requests from Conseco to submit handwriting samples and affidavits. A forensic document examiner compared the questioned signatures on several withdrawal request forms and checks with Mr. Talbot's known signature.

The document examiner concluded that the checks from 1999 and 2002 bear Mr. Talbot's signature, but that Mr. Talbot "probably did not write the remaining handwriting on the reverse of [the 2002 check] that reads, 'to [ARPS]-deposit only.'" Further, the document examiner noted "[d]issimilarities" between Mr. Talbot's known signature and the remaining questioned signatures. Mr. Talbot denied signing any of the questioned documents.

{¶5} As a result of the police investigation, Mr. Nussbaumer was charged with multiple counts of forgery and theft. Mr. Nussbaumer pleaded guilty, was sentenced to ten years in prison, and was ordered to pay $52,118.70 in restitution to Mr. Talbot.

{¶6} In January 2009, Mr. Talbot filed suit against Mr. Nussbaumer and Conseco asserting two claims. In his first claim, Mr. Talbot asserted that Mr. Nussbaumer caused money to be withdrawn from Mr. Talbot's Conseco annuity contracts without his permission and that Mr. Nussbaumer and Conseco owed Mr. Talbot $47,189.97, less restitution "and such amounts on other annuity contracts as may be discovered hereafter * * * ." Mr. Talbot's second claim asserted that Conseco acted in bad faith in failing to honor its contractual obligations. Mr. Talbot attached copies of Contracts 1, 2, and 3 to his complaint. When Conseco moved to amend its answer to assert a four-year tort statute of limitations defense, Mr. Talbot replied that "[t]he relationship between [Mr. Talbot] and Conseco is one of contract * * * ."

{¶7} In May 2010, Conseco moved for summary judgment on Mr. Talbot's claims asserting that Mr. Talbot's first claim attempted to hold Conseco liable for Mr. Nussbaumer's criminal actions via agency principles and that Conseco was not liable. In addition, Conseco asserted that Mr. Talbot's claims with respect to the 1999 and 2002 withdrawals were barred by the statute of limitations. Finally, Conseco argued that Mr. Talbot's bad faith claim must fail as well.

{¶8} Mr. Talbot responded with a combined motion in opposition and motion for partial summary judgment against Conseco. Mr. Talbot argued that his first claim was for breach of contract and argued he was entitled to judgment as a matter of law. He further asserted that whether Conseco acted in bad faith was a jury question. Conseco replied to Mr. Talbot's motion and argued that Mr. Talbot failed to plead a breach of contract claim.

{¶9} On August 10, 2010, the trial court granted summary judgment to Conseco and denied Mr. Talbot's motion for summary judgment. The trial court concluded that based on agency principles, and Mr. Nussbaumer's contract with Conseco, Conseco was not liable for Mr. Nussbaumer's bad acts.

{¶10} Thereafter, Mr. Talbot moved for summary judgment against Mr. Nussbaumer. The trial court granted Mr. Talbot judgment in the amount of $69,915.76 against Mr. Nussbaumer and ordered that "[j]udgment is granted in favor of Conseco on all claims of [Mr. Talbot] set forth in the Complaint."

{¶11} Mr. Talbot has appealed raising one assignment of error for our review.

II.

ASSIGNMENT OF ERROR

"THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING CONSECO SUMMARY JUDGMENT AND DENYING TALBOT'S MOTION FOR SUMMARY JUDGMENT."

{¶12} It is apparent from the trial court's judgment entry that the trial court agreed with Conseco that Mr. Talbot's complaint did not state a cause of action for breach of contract.[1] The

---

[1] If the trial court had somehow concluded that Mr. Talbot did state a claim for breach of contract, that claim should have remained pending, as Conseco did not move for summary judgment on it. However, the trial court concluded that Conseco was entitled to judgment on all Mr. Talbot's claims.

trial court granted summary judgment to Conseco on what it believed to be Mr. Talbot's claim asserting Conseco's liability for Mr. Nussbaumer's criminal acts and Mr. Talbot's claim asserting Conseco acted in bad faith. Mr. Talbot does not challenge the trial court's grant of summary judgment to Conseco on those issues. Thus, the propriety of those determinations is not before us. Instead, it appears that Mr. Talbot essentially asserts that the trial court erroneously concluded that he failed to state a claim for breach of contract and he was entitled to summary judgment on that issue.

{¶13} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist. 1983).

{¶14} Pursuant to Civ.R. 56(C), summary judgment is appropriate when:

No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶15} To succeed on a summary judgment motion, the movant "bears the initial burden of *demonstrating* that there are no genuine issues of material fact concerning an essential element of the opponent's case." (Emphasis sic.) *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the non-moving party "'must set forth specific facts showing that there is a genuine issue for trial.'" *Id*. at 293, quoting Civ.R. 56(E).

{¶16} While Mr. Talbot's first claim is somewhat inartfully drafted, we conclude that it meets the notice pleading requirements of Civ.R. 8(A).

Generally, a breach of contract occurs when a party demonstrates the existence of a binding contract or agreement; the nonbreaching party performed its contractual obligations; the other party failed to fulfill its contractual obligations without legal excuse; and the nonbreaching party suffered damages as a result of the breach. (Internal quotations and citations omitted.) *Consolo v. Menter,* 9th Dist. No. 25394, 2011-Ohio-6241, at ¶ 11.

**{¶17}** We determine Mr. Talbot set forth sufficient facts and allegations in his complaint to make the reader aware that an action for breach of contract was being asserted. This is particularly so, given that Mr. Talbot attached copies of the contracts at issue to the complaint. *See* Civ.R. 10(D)(1). Further, the beginning portion of the complaint discusses the contracts at issue, alleges that money was improperly withdrawn from the accounts that are the subject of the contracts, and that Conseco owes Mr. Talbot $47,189.97 "and such amounts on other annuity contracts as may be discovered hereafter * * * ." In addition, a brief review of the contracts at issue reveals provisions which, under the facts and allegations as stated in the complaint, could support a breach of contract claim against Conseco. For example, the provision entitled "WITHDRAWALS" states that "[w]ithdrawals are any amounts, less than the Cash Surrender Value, *paid to You at Your request.*" (Emphasis added.) The contract defines "YOU" as the person named as owner in the contract, in this case, Mr. Talbot. "WE" is defined as the insurance company. Thus, while the complaint does contain factual allegations concerning Nussbaumer's unlawful conduct, these allegations would be relevant to an assertion that a valid withdrawal from Mr. Talbot's annuity did not occur within the meaning of the contract. While perhaps not a textbook example of how to state a claim for breach of contract, we cannot say it is insufficient to state such a claim for breach of contract as a matter of law.

**{¶18}** Thus, we conclude that the trial court erred in implicitly concluding that Mr. Talbot's complaint failed to state a claim for breach of contract. Nonetheless, we cannot say that the trial court erred in denying his motion, as we conclude that, given the contents of his

summary judgment motion, Mr. Talbot did not demonstrate his entitlement to summary judgment on his contract claim.

{¶19} Mr. Talbot's argument supporting his summary judgment motion is somewhat confusing. While Mr. Talbot's argument certainly alleges wrongful conduct on the part of Mr. Nussbaumer that ultimately resulted in withdrawals by Conseco from Mr. Talbot's annuities, Mr. Talbot fails to tie his arguments back to the contracts; he fails to articulate which provision or provisions of the contracts that he believes Conseco breached or what Conseco specifically did to breach that provision or provisions. In other words, this Court is unclear what provision Mr. Talbot believes Conseco violated and what precisely Conseco did that violated that provision. Accordingly, we cannot say that Mr. Talbot has met his burden on summary judgment. Thus, to the extent Mr. Talbot argued the trial court erroneously concluded that Mr. Talbot failed to state a breach of contract claim, we sustain his argument. However, we cannot say that Mr. Talbot is entitled to summary judgment based upon his argument in the trial court.

III.

{¶20} In light of the foregoing, we sustain Mr. Talbot's assignment of error in part. Mr. Talbot has stated a claim for breach of contract, and this matter is thus remanded to the Wayne County Court of Common Pleas for further proceedings consistent with this opinion.

> Judgment affirmed in part,
> reversed in part,
> and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

_____
EVE V. BELFANCE
FOR THE COURT

WHITMORE, J.
CONCURS

DICKINSON, J.
CONCURS IN JUDGMENT ONLY

APPEARANCES:

CHARLES A. KENNEDY, Attorney at Law, for Appellant.

STEVEN K. HUFFER, Attorney at Law, for Appellees.